IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRIENDLY HOME CARE INC., ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL L. WHITNEY; MICHELLE WILLSON; ) <br> MEDOVA HEALTHCARE FINANCIAL ) <br> GROUP, LLC; MIDLANDS CASUALTY ) <br> INSURANCE COMPANY, INC.; JUST ) <br> DIABETIC SUPPLIES, LLC; ADVENT HEALTH ) <br> SERVICES d/b/a DIRECTHEALTH; BENISON ) <br> CAPITAL ADVISORS, INC.; PATRICK ) <br> ENTERPRISES, INC.; LIFESTYLE HEALTH ) <br> PLANS GROUP BENEFIT PROGRAM; ) <br> LIFESTYLE HEALTH PLANS – LEVEL ) <br> FUNDED GROUP BENEFITS; LEVEL ) <br> FUNDED LIEFSTYLE SELF-INSURED ) <br> HEALTH PLAN; and LIFESTYLE HEALTH ) <br> PLANS, ) <br> ) <br>    Defendants. ) | Civil Action No. _____ |

**COMPLAINT**

Friendly Home Care Inc. brings this complaint against Defendants pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and alleges as follows:

**INTRODUCTION**

1. This action arises from the same general set of facts alleged in *Scalia v. Whitney et al.*, 2:20-cv-02624-TC-ADM (Dec. 9, 2020, D. Kan.), and is intended to be consolidated with the same in light of the stay issued by that Court on related litigation.

1

2. Defendants market and administer a multiple employer welfare arrangement ("MEWA") to small employers like Plaintiff. In reality, however, these MEWAs were Ponzi schemes through which Defendants pocketed plan assets and left countless health care claims unpaid. Defendants hid their fraud from Plaintiff for years by shuffling monies between plans and tying up claims in an unauthorized claims and appeal procedure.

3. This Court has jurisdiction over the ERISA claims pursuant to 29 U.S.C. § 1132(e)(1), and has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

4. Venue lies in this judicial district pursuant to 29 U.S.C. § 1132(e)(2), as multiple Defendants reside in and are located in Wichita, Kansas, the plans in question were administered in Wichita, Kansas, and many of the breaches alleged took place in Wichita, Kansas.

## PARTIES

5. Plaintiff Friendly Home Care Inc. is a New York corporation that provides in-home skilled health care services. Friendly Home Care is an "employer" and "plan sponsor," as those terms are defined by ERISA, 29 U.S.C. § 1002(5) and (16).

6. Defendants Lifestyle Health Plans Group Benefit Program, Lifestyle Health Plans – Level Funded Group Benefits, Level Funded Lifestyle Self-Insured Health Plan, and Lifestyle Health Plans (collectively the "Medova MEWA") comprise a MEWA, as that term is defined by ERISA, 29 U.S.C. § 1002(40)(A), which, upon information and belief, provides benefits and holds assets for over 2,600 ERISA-covered employee welfare benefit plans, including Friendly Home Care's employer sponsored welfare plan.

7. Defendant Medova Healthcare Financial Groups, LLC ("Medova") is a Kansas limited liability company. Medova was the third-party administrator of Friendly Home Care's welfare plan and, in that capacity, acted as a "fiduciary" to the plan and a "party in interest," as

those terms are defined by ERISA, 29 U.S.C. § 1002(14), (21), at all times relevant to this Complaint.

8. Upon information and belief, Defendants Whitney and Willson are residents of Kansas and are the member managers and principle owners of Medova and the related Defendant entities. In that capacity, they acted as a "fiduciary" to the plan and a "party in interest," as those terms are defined by ERISA, 29 U.S.C. § 1002(14), (21), at all times relevant to this Complaint.

9. Defendant Midlands Casualty Insurance Company, Inc. ("Midlands") is a Hawaii corporation and wholly-owned subsidiary of Medova. Midlands is a captive insurer, providing stop-loss insurance coverage to the plans covered by the Medova MEWA. In that capacity, it acted as a "fiduciary" to the plan and a "party in interest," as those terms are defined by ERISA, 29 U.S.C. § 1002(14), (21), at all times relevant to this Complaint.

10. Defendant Advent Health Services, LLC, doing business as DirectHealth ("Advent"), is a Kansas limited liability company providing services to plans covered by the Medova MEWA. Defendants Whitney and Willson each indirectly own a 50% interest in Advent. Advent acted as a "fiduciary" to the plan and a "party in interest," as those terms are defined by ERISA, 29 U.S.C. § 1002(14), (21), at all times relevant to this Complaint.

11. Defendant Just Diabetic Supplies, LLC ("JDS") is a Kansas limited liability company providing services to plans covered by the Medova MEWA. Defendant Whitney owns a 50% interest in JDS. JDS acted as a "fiduciary" to the plan and a "party in interest," as those terms are defined by ERISA, 29 U.S.C. § 1002(14), (21), at all times relevant to this Complaint.

12. Defendant Benison Capital Advisors, Inc. ("Benison") is a Kansas corporation providing services to plans covered by the Medova MEWA. Defendants Whitney is a director and sole owner of Benison. Benison acted as a "fiduciary" to the plan and a "party in interest," as

those terms are defined by ERISA, 29 U.S.C. § 1002(14), (21), at all times relevant to this Complaint.

13. Defendant Patrick Enterprises, Inc. ("Patrick") is a Kansas corporation providing services to plans covered by the Medova MEWA. Defendant Willson is a director and sole owner of Patrick. Patrick acted as a "fiduciary" to the plan and a "party in interest," as those terms are defined by ERISA, 29 U.S.C. § 1002(14), (21), at all times relevant to this Complaint.

## ALLEGATIONS

14. The Medova MEWA is as a non-plan, ERISA-covered entity that essentially serves as an umbrella entity housing the assets of multiple participating employer-sponsored employee welfare benefit plans.

15. In 2014, Friendly Home Care contacted its insurance broker about providing group health insurance to its employees. Friendly Home Care ultimately chose the Medova Lifestyles family of plans, marketed as a fully-funded ERISA-covered group health plans.

16. Friendly Home Care executed an application for group coverage with Medova in September 2014, which provided coverage as of October 1, 2014, through the Friendly Home Care, Inc. Employee Group Benefit Plan ("FHC Plan").

17. The FHC Plan is an "employee welfare benefit plan," as that term is defined by ERISA, 29 U.S.C. § 1002(2), providing defined health and welfare benefits to covered employees of Friendly Home Care and their beneficiaries.

18. While Friendly Home Care's employees, participants in the FHC Plan, could choose from different coverage options, the plan documents established that Friendly Home Care's maximum employer contribution was $375.26 per employee per month. Friendly Home Care

then paid an annual premium to Medova calculated by the number of eligible employees at the PEPM contribution.

19. Friendly Home Care renewed its contract with Medova annually and funded the FHC Plan through an annual premium calculated by and paid to Medova.

20. Medova reviewed claims and financial data with Friendly Home Care annually. However, at no time did Medova alert Friendly Home Care to any unpaid claims, funding deficiencies, or other such problems.

21. In fact, Friendly Home Care believed the FHC Plan was being was being effectively administered and was in sound financial condition until the summer of 2021, at which time it learned about the *Scalia* lawsuit and the appointment of an independent fiduciary over the Plan.

22. Friendly Home Care terminated to relationship with Medova and ceased being part of the Medova MEWA as of December 31, 2021.

23. Upon information and belief, Defendants Whitney and Willson made decisions about which obligations of the company to pay and when to pay, and made decisions about commingling plan assets among the different plans in the Medova MEWA in order to hide debts in underfunded plans by paying immediately due claims with the assets of other plans, and, in particular, made the decision not to pay benefits to certain participants if the FHC Plan.  As such, these Defendants acted in a fiduciary capacity when making such decisions about Fund assets.

24. Similarly, Medova and the remaining Defendants commingled, exchanged, withheld, transferred, and misused FHC Plan assets while exercising exclusive discretionary control and authority over those funds. As such, these Defendants acted in a fiduciary capacity when making such decisions about and maintaining such control and authority over Fund assets.

25. Defendants have engaged in repeated and egregious fiduciary breaches and prohibited transactions and self-dealing, as defined by ERISA, by, for example, using Plan assets for their personal benefit and for the benefit other plan participants and beneficiaries, by commingling and otherwise failing to account for Plan assets, by subverting Plan claims and appeals procedures in order to hide the true financial state of the Plan, and by failing to act for the exclusive benefit of FHC Plan participants and beneficiaries.

26. While the court-appointed fiduciary in the *Scalia* lawsuit has provided Plaintiff some information about Medova's actions and inactions during the relevant period, Friendly Home Care nonetheless lacks sufficient information to determine whether it has any outstanding obligation to the FHC Plan or its participants and, if so, in what amount.

27. Plaintiff entered into a contractual arrangement with Defendant Medova to establish, operate and administer the FHC Plan in exchange for a set annual fee. Defendant breached its contractual obligations to Plaintiff by failing to provide the required services and diverting plan assets for prohibited uses in violation of Kansas state law. Defendants Whitney and Willson are personally liable for Medova's breaches by their actions described herein.

28. Defendants perpetrated a fraud against Plaintiff by their actions described herein in violation of Kansas state law.

29. Friendly Home Care denies it acted in a fiduciary capacity at any time with respect to the FHC Plan. Nevertheless, to the extent it is adjudicated to be a fiduciary or to have acted in a fiduciary capacity at any time, Plaintiff seeks enforcement of plan terms, recoupment of lost plan assets, and other equitable relief pursuant to 29 U.S.C. § 1132(a)(2) and (3).

4872-0500-4644, v. 1

WHEREFORE, Plaintiff requests the following relief:

(a) Compensatory and punitive damages in an amount determined by the trier of fact for Defendants' violations of Kansas state law;

(b) Disgorgement, offset, or other appropriate equitable relief, pursuant to Section 502(a)(2), (3) of ERISA, 29 U.S.C. § 1132(a)(2), (3);

(c) An award of attorneys' fees and costs of this lawsuit; and

(d) Any such further or different relief as the Court may deem proper or just.

Dated: December 8, 2023

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

*s/ Eric C. Beckemeier*
Eric C. Beckemeier, KS Bar No. 25262
6803 West 64th Street, Suite 300
Overland Park, Kansas 66202
Telephone:    (913) 321-8884
Facsimile:    (913) 321-2396
ECB@blake-uhlig.com
*Attorneys for Plaintiffs*